IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED PRICE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G.A. NEOTTI, CHIEF DEPUTY WARDEN, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 09-2818 MMC (PR)<br><br>**ORDER OF DISMISSAL** |

　　　　On June 24, 2009, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.　Standard of Review

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.
2  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
3  Constitution or laws of the United States was violated, and (2) that the alleged violation was
4  committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42,
5  48 (1988).

B.   Plaintiff's Claim

The following allegations are derived from plaintiff's complaint.  Plaintiff is housed on single-cell status in Facility A at SVSP.  Inmates classified for single-cell status can only be housed in Facility A.  Plaintiff desires a prison job as a clerk or housing unit porter.  He has been placed on the waiting list for those jobs in Facility A, but has been told no such jobs are available in Facility A at this time and that because of his single-cell status, he cannot be moved to another facility.  Plaintiff does not object to his single-cell status, rather, he complains that the prison's policy of housing all single-celled inmates only in Facility A violates his right to equal protection because he is being deprived of the same right of access to jobs as other inmates.  He seeks injunctive relief and monetary damages.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  Here, plaintiff claims he is being treated differently than other prisoners who are not single-celled.  As an initial matter, plaintiff's claim fails because he does not allege that inmates in the general population, who are not single-celled, are not similarly restricted from job placement in a facility other than the one in which they live.  Further, even if inmates in the general population are allowed to work in other facilities, plaintiff is not similarly situated to those inmates because plaintiff has been classified for single-cell status.  In particular, classification guidelines for the California Department of Corrections and Rehabilitation provide as follows:

> An "S" suffix may be affixed by a classification committee to the inmate's custody designation to alert staff of an inmate's need for single cell housing. The classification committee's decision to affix the "S" suffix shall be based on

> documented evidence that the inmate may not be safely housed in a double cell or dormitory situation based on a recommendation by custody staff or a health care clinician.

Cal. Code Regs. tit. 15, § 3377.1(c) (2009).

Consequently, for purposes of housing and job-location decisions made by prison officials, plaintiff, who is classified for single-cell status because he cannot safely be housed in the general population, is not similarly situated to inmates in the general population who do not face such housing restrictions. Additionally, even if plaintiff were similarly situated to general population inmates, no inference of invidious discrimination can be drawn from plaintiff's allegations that prison officials have approved plaintiff for a job and placed him on a waiting list for a job in Facility A but will not let him work in a job in another facility. See More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (holding prisoner claiming equal protection violation must allege treatment invidiously dissimilar to that received by other similarly-situated inmates).

Accordingly, the complaint will be dismissed. Such dismissal will be without leave to amend, as any amendment for the purpose of stating a constitutional claim under the circumstances alleged herein would be futile. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility).

## CONCLUSION

For the foregoing reasons, the above-titled action is hereby DISMISSED with prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 6, 2009

_____
MAXINE M. CHESNEY
United States District Judge